**UNITED STATES of America, Appellee,**

*v.*

**Arthur PORTER, Jr., Appellant.**

**No. 87–5482.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 25, 1988.

Decided Oct. 17, 1988.

Kevin J. Short and William J. Mauzy, Minneapolis, Minn., for appellant.

Douglas R. Peterson, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Arthur Porter, Jr., appeals from a jury verdict finding him guilty of three counts of possession with intent to distribute cocaine and one count of conspiracy to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, Porter argues the district court [1] erred in failing to sustain his motion to suppress evidence obtained during a warrantless search of his locked briefcase. We affirm.

On May 22, 1987, Porter and another individual were arrested after selling cocaine to an undercover narcotics officer. The officers obtained a description of a third individual, Smith, who was apprehended in an automobile approximately one-half hour later. Upon Smith's arrest, the police searched the passenger compartment and took the automobile to the federal courthouse. The key to the automobile trunk was later found on Porter when he was taken into custody. At the courthouse, the officers searched the automobile again and discovered a locked briefcase in the trunk. The officer took the briefcase to the room where Porter was being ques-

tioned and forced the briefcase open, revealing a large quantity of drugs and a revolver.

Porter challenged the search of the automobile and the locked briefcase. At the suppression hearing, the officer who arrested Smith testified that he searched Smith and the automobile, incident to the arrest. When a crowd began gathering, he left the area and took the automobile, believing it was subject to seizure. At the federal building, he conducted a thorough inventory search of the automobile's contents as required by federal and local police procedures. At no time did the officer obtain a warrant.

The district court found that Porter had standing to challenge the search of the automobile and briefcase, and held the search constitutional as a valid inventory search of an automobile lawfully in police custody, citing *Colorado v. Bertine*, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). This court reviews the district court's determinations made in a suppression hearing under the clearly erroneous standard, and must affirm unless they are not supported by substantial evidence, reflect an erroneous view of the law, or leave a "definite and firm conviction that a mistake has been made." *United States v. Eisenberg*, 807 F.2d 1446, 1449–50 (8th Cir. 1986).

"Under the fourth amendment, the propriety of inventory searches is judged by the standard of reasonableness." *United States v. Woolbright*, 831 F.2d 1390, 1394 (8th Cir.1987). In *Illinois v. Lafayette*, 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983), the Court held it was "not 'unreasonable' for police, as part of the routine procedure incident to incarcerating an arrested person, to search any container or article in his possession, in accordance with established inventory procedures." *Id.* at 648, 103 S.Ct. at 2611 (footnote omitted). In *Colorado v. Bertine*, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987), the Court

---

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minneso- ta.

held police officers may open closed containers during routine inventory searches of an impounded vehicle when the search is conducted in good faith, pursuant to standardized police procedures, and not for the sole purpose of investigation. 107 S.Ct. at 742, 744 (upholding search of closed backpack found in impounded van, pursuant to police procedure mandating the opening of closed containers and the listing of their contents).

In this case, Porter does not challenge the impoundment of the car. The officer's unrebutted testimony indicated the search was pursuant to local and federal police policies requiring the officers to inventory the contents of vehicles thoroughly. Porter does not argue, and the record does not suggest, that the officers had any discretion in deciding whether to open items or inventory them as a unit. Moreover, an officer's suspicion that evidence may be present does not invalidate an otherwise lawful inventory search. *See Wagner v. Higgins*, 754 F.2d 186, 189–90 (6th Cir. 1985) (motive to discover evidence does not invalidate inventory search when legitimate desire to protect against claims also exists).

Accordingly, the district court is affirmed.