United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 98-2391

_____

United States of America          *
                                  *
        Plaintiff-Appellee,        *
                                  *   Appeal from the United States
    v.                            *   District Court for the Eastern
                                  *   District of Missouri
Randy Fields,                     *
                                  *
        Defendant-Appellant.        *

_____

Submitted:  November 17, 1998
Filed: January 21, 1999

_____

Before RICHARD S. ARNOLD and FAGG, Circuit Judges, and DAWSON[1], District
Judge.

_____

DAWSON, District Judge.

    Randy Fields pled guilty to one count of knowingly and intentionally
distributing cocaine base, a Schedule II controlled substance, in violation of Title 21,
U.S.C. § 841(a)(1), conditioned on his right to appeal the denial of his pretrial motion
to suppress identification testimony.  Fields now appeals the denial of the pretrial
motion

_____

    [1] The Honorable Robert T. Dawson, United States District Judge for the Western
District of Arkansas, sitting by designation.

and, in addition, contends that the district court erred in its application of § 4B1.2(a) of the Sentencing Guidelines when it found that the defendant's 1992 Missouri state court conviction, for unlawful use of a weapon, was a crime of violence. We affirm.

## Factual Background

A confidential informant was utilized by a drug task force officer to purchase drugs in an area where drug trafficking was occurring. Following the drug buy, the confidential informant was shown a series of approximately 175 mug shots, and she identified defendant Fields as the one from whom she had purchased the drugs. She made a subsequent identification of the defendant as the seller of the substance from a photographic line-up prepared by the Missouri State Police. The defendant was indicted by the Grand Jury on one count of knowingly and intentionally distributing cocaine base, a Schedule II controlled substance, in violation of Title 21, U.S.C. § 841(a)(1).

Following the arrest of the defendant, he filed a motion to suppress the identification and contended that the identification process utilized was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Following two separate hearings on the motion, the district court concluded that the identification procedure was appropriate and there was nothing in the procedure utilized that was impermissibly suggestive.

## Discussion

When reviewing rulings on the motions, this Court must only reverse the findings below if the findings were clearly erroneous. *U.S. v. Johnson*, 28 F.3d 1487, 1494 (8th Cir. 1994). A ruling is clearly erroneous if it is not supported by substantial evidence, reflects an erroneous view of the law, or leaves a definite and firm conviction that a mistake has been made. *United States v. Eisenberg*, 807 F.2d 1446, 1449-50 (8th Cir. 1986); *U.S. v. Porter*, 859 F.2d 83 (8th Cir. 1988). When the findings by the district

court are amply supported by the evidence, they should not be disturbed. *See U.S. v. Hernandez*, 854 F.2d 295 (8th Cir. 1988). This Court must therefore evaluate <u>the identification evidence</u> and determine if the District Court's findings are clearly erroneous.

All parties agree that the test used in evaluating the reliability of identification testimony comes from the Supreme Court of the United States, as set out in *Manson v. Braithwaite*, 432 U.S. 98, 116, 97 S.Ct. 2243, 2254, 53 L.Ed.2d 140 (1977). The Court held that: (1) the court must consider whether the identification procedures were impermissibly suggestive, and (2) if the procedures used were impermissibly suggestive, the court must look to the totality of the circumstances to determine whether the suggestive procedure created a "very substantial likelihood of irreparable misidentification." The Supreme Court has held that even if the pretrial identification procedure is unduly suggestive it will not be invalidated if under the totality of the circumstances the procedure was reliable despite any suggestive or inappropriate identification procedures. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

The factors to be considered in the Court's analysis of the reliability of identification testimony are the witness's opportunity to view the defendant at the time of the crime, the witness's degree of attention at the time of the crime, the accuracy of the witness's prior description, the witness's level of certainty at the line-up, and the length of time between the crime and the line-up. *U.S. v. Johnson*, 56 F.3d 947, 954 (8th Cir. 1995) (quoting *Manson*, 432 U.S. at 114, 97 S.Ct. at 2253).

The Magistrate found that the confidential informant had never seen Randy Fields until she made the first drug buy on May 28, 1997. The confidential informant was not given the name of any particular individual, and she was not shown a photograph of Fields before she went to buy drugs. The confidential informant's degree

of attention was high because she was not a casual buyer in that her purpose in buying the drugs was to later identify the suspect to the police for potential arrest. The district court found that the period of time between the crime and the identification was about 15 to 20 minutes. Even assuming the procedure used was impermissibly suggestive, which we do not, we nonetheless conclude that under the totality of the circumstances, as set out in *Johnson, supra*, the procedure was reliable.

We do not find that the identification procedures used were tainted by improper or suggestive procedures and AFFIRM the decision of the United States District Court Judge.

The second issue involves the finding by the court that a 1992 state court conviction constituted a violent felony for sentencing purposes under the career offender provision of the Sentencing Guidelines.[2]

The weapons charge was included within a three-count indictment filed in the Circuit Court of Pemiscot County, Missouri, on August 6, 1991. Count One dealt with burglary in the first degree while armed with a weapon and Count Two was the class C felony of stealing certain firearms. Count Three of the indictment recited:

The Prosecuting Attorney of the County of Pemiscot, State of Missouri,

---

[2] The career offender guideline provides for enhanced penalties for defendants who have previously been convicted of two or more "crimes of violence" or "controlled substance offenses," and who are pending sentencing in federal court for a third crime of violence or controlled substance offense. U.S.S.G. § 4B1.1. Appellant concedes that a prior felony conviction for the offense of resisting arrest was a violent felony within the meaning of the sentencing guidelines since it clearly had as an element of the offense the threatened use of physical force against the person of another. The issue, then, becomes whether Appellant's 1992 conviction for unlawful use of a weapon constituted a second "violent felony" in order to place him within the parameters of the career criminal guideline, U.S.S.G. § 4B1.1.

4–

charges that the defendant, in violation of Section 571.030.1(4), RSMo., committed the class D felony of unlawful use of a weapon, punishable upon conviction under Sections 558.011.1(4) and 570.111, RSMo., in that on or about June 16, 1991, in the County of Pemiscot, State of Missouri, the defendant knowingly exhibited, in the presence of one or more persons a pistol, a weapon readily capable of illegal use, in an angry or threatening manner.

The defendant argued that the information that was filed did not meet the definition of a crime of violence, for there was no use, attempted use, or threatened use of physical force against the person of another. Section 4B1.2 defines the term "crime of violence" as:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

(1)     has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)     is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Following the arguments of the defendant's counsel that the information did not recite a crime of violence, the government presented additional evidence, to include police reports concerning the acts and the ensuing investigation. At the conclusion of the hearing, the district court concluded that a proper factual basis for a crime of violence had been established and accordingly utilized that finding in computing the sentence of the defendant.

The commentary to § 4B1.2 of the United States Sentencing Commission Guidelines Manual makes it clear that the district court need only analyze the conduct set forth and/or expressly charged in the information or indictment. It is not necessary

to conduct any further hearings or receive any further evidence other than the information that was filed.  Count Three of the indictment clearly reflects conduct presenting a serious potential risk of physical injury to one or more persons, and, accordingly, the judgment is AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT