# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4304

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Sean D. Jackson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 14, 2006
Filed: September 11, 2006

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Sean D. Jackson pled guilty to possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He appeals his sentence and raises a claim of ineffective assistance of trial counsel. We affirm.

In a plea agreement, the parties made non-binding recommendations to the court concerning the application of the advisory sentencing guidelines. Based on Jackson's acknowledgment of responsibility for 161 grams of cocaine and 13 grams of heroin, the parties recommended a base offense level of 20. The parties also recommended a three-level downward adjustment for acceptance of responsibility.

*See id*. § 3E1.1.  The plea agreement further provided that the parties "may not have addressed or foreseen all the Guidelines provisions applicable in this case," and that guideline applications "not expressly addressed by the parties' recommendations, but which are addressed by the Presentence Report or the Court, may be presented to the Court for consideration."

In a presentence report, the United States Probation Office recommended that Jackson be sentenced as a career offender, pursuant to USSG § 4B1.1(b)(C).  The district court[1] adopted this recommendation and calculated Jackson's offense level to be 29, after a three-level adjustment for acceptance of responsibility.  As a career offender, Jackson's criminal history category was VI, making his guideline range 151-188 months, but the district court found that category VI overstated Jackson's criminal history, and departed downward to category V.  The resulting guideline range was 140-175 months, and the court sentenced Jackson to 140 months' imprisonment.

Jackson first contends that the district court erred by considering him a career offender, because his criminal history did not include two qualifying prior convictions as required by USSG § 4B1.1(a)(3).  According to Jackson, the government did not establish that his Missouri conviction in 1995 for unlawful use of a weapon was a "crime of violence" pursuant to USSG § 4B1.2(a), because the recital in the presentence report adopted by the district court impermissibly relied on facts derived from a police report.  *See Shepard v. United States*, 544 U.S. 13, 26 (2005); *United States v. McCall*, 439 F.3d 967, 973-74 (8th Cir. 2006) (en banc).

We conclude that Jackson's 1995 conviction in Missouri was properly counted as a crime of violence.  The statute under which Jackson was convicted states that "[a] person commits the crime of unlawful use of weapons if he knowingly . . . [e]xhibits,

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner." Mo. Rev. Stat. § 571.030.1(4) (Supp. 1995). The Missouri Supreme Court has explained that implicit in this statute "is a legislative determination that such conduct creates a substantial risk of death or physical injury to those in whose presence such conduct occurs." *State v. Parkhurst*, 845 S.W.2d 31, 36 (Mo. 1993) (en banc). Consistent with that understanding, we have held that a violation of § 571.030.1(4), charged as an exhibition in an "angry or threatening" manner, presents a "serious potential risk of physical injury to another," USSG § 4B1.2(a)(2), and is therefore a "crime of violence" under § 4B1.2(a). *United States v. Fields*, 167 F.3d 1189, 1191 (8th Cir. 1999).

Although Jackson objected to the recitation of facts derived from police reports in paragraph 44 of the presentence report, (S. Tr. at 3), he did not object to the fact that he was convicted of unlawful use of a firearm, as reported in paragraph 42. Because a violation of § 571.030.1(4) constitutes a crime of violence as a categorical matter, regardless of the specific facts underlying the conviction, *see Fields*, 167 F.3d at 1191, the fact of conviction and the statutory definition of the prior offense are sufficient to establish that Jackson's 1995 conviction is a crime of violence under the career offender guideline. *See Shepard*, 544 U.S. at 17; *Taylor v. United States*, 495 U.S. 575, 602 (1990). The information derived from police reports concerning the conviction was unnecessary to a determination of the career offender issue, so the district court's adoption of that portion of the presentence report was not material to its conclusion that Jackson was a career offender.

Jackson also argues that the district court violated his rights under the Sixth Amendment by finding that his two prior felonies qualified him as a career offender. Our court has consistently held, however, that "[o]nce the sentencing court determines that a prior conviction exists, it is a legal question for the court whether the crime meets the 'crime of violence' definition of § 4B1.2." *E.g.*, *United States v. Camp*, 410 F.3d 1042, 1047 (8th Cir. 2005) (internal quotation omitted); *United States v.*

*Marcussen*, 403 F.3d 982, 984 (8th Cir.), *cert. denied*, 126 S. Ct. 457 (2005). The district court did not err by making the determination that Jackson had a prior conviction for a crime of violence.

Jackson also contends that the court committed plain error by not informing him at his plea hearing that the court would not follow the offense level recommendations in the plea agreement if Jackson qualified as a career offender. We held in *United States v. Thomas*, 894 F.2d 996 (8th Cir. 1990), that a district court complied with Federal Rule of Criminal Procedure 11(c)(1), which then required that a defendant be advised of the "maximum possible penalty provided by law," by advising the defendant of the maximum statutory penalty for his offenses. *Id.* at 997. We said that the district court "is not required to inform the defendant of the applicable guideline range or the actual sentence he will receive." *Id.*

Rule 11 still provides that the court must inform the defendant of "any maximum possible penalty," Fed. R. Crim. P. 11(b)(1)(H), but the rule also now requires that the court inform the defendant of "the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some circumstances." Fed. R. Crim. P. 11(b)(1)(M). Jackson argues that this provision required the district court to advise him at the plea hearing that the court would not follow the recommended guideline computations in the plea agreement if the court determined that Jackson qualified as a career offender.

We conclude that the district court complied with Rule 11(b)(1)(M) and committed no error. The court explained to Jackson in some detail that the sentencing guidelines applied to his case, that the guidelines provided for ranges of imprisonment, that the guidelines allowed for departures, and that the guidelines were now advisory. (Plea Tr. at 17). Jackson said he understood, and that he had no questions for the court. This colloquy satisfied the requirements of Rule 11(b)(1)(M).

Rule 11(b)(1)(M) does not require the court to discuss the applicability of specific guideline provisions. The advisory committee's notes to the 1989 amendment of Rule 11 concerning the addition of this subsection explain that because "it will be impracticable, if not impossible, to know which guidelines will be relevant prior to the formulation of a presentence report and resolution of disputed facts, the amendment does not require the court to specify which guidelines will be important or which grounds for departure might prove to be significant." Fed. R. Crim. P. 11 advisory committee's note (discussing 1989 amendment). In this case, moreover, the plea agreement itself provided that the guideline recommendations of the parties were not binding on the court, and that the parties "may not have addressed or foreseen all the Guidelines provisions applicable in this case." For these reasons, the court was not required to advise Jackson of the possible applicability of the career offender guideline.

Jackson also raises a claim that his sentence is unreasonable. Having already concluded that the district court's guideline calculation was correct, we review the ultimate sentence to determine whether it was reasonable in light of the statutory factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Goody*, 442 F.3d 1132, 1134 (8th Cir. 2006). Jackson's 140-month sentence is presumed to be reasonable because it was within the correctly calculated guideline range. *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir.), *cert. denied*, 126 S. Ct. 840 (2005).

In arriving at Jackson's sentence, the court considered Jackson's history of violence, his record of unsuccessful completion of probation, his drug addiction, and the fact that his sentence was going to run concurrently with a term of imprisonment in state court. (S. Tr. at 24). As the court considered appropriate factors, and Jackson has not presented sufficient evidence to rebut the presumption of reasonableness, we conclude that the sentence is not unreasonable.

Finally, Jackson argues that his trial counsel provided ineffective assistance of counsel, because counsel admitted that he failed to warn Jackson prior to entering his guilty plea that he could be classified as a career offender. Ineffective assistance of counsel claims generally are more appropriately raised in post-conviction proceedings. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006). This is not an instance "where the record has been fully developed, where counsel's ineffectiveness is readily apparent, or where to delay consideration of the claim would lead to a plain miscarriage of justice," *id*., so we decline to address the merits of Jackson's ineffective-assistance claim on direct appeal.

The judgment of the district court is affirmed.

_____