# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-3817

———————

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Anthony L. Henderson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: August 6, 2007
Filed: August 10, 2007

———————

Before BYE, RILEY, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Anthony L. Henderson pleaded guilty to violating 18 U.S.C. § 922(g)(1) by possessing a firearm after having incurred convictions for three specified felonies in Missouri state courts. His base offense level was set at 24 under U.S.S.G. § 2K2.1(a)(2) because his offense followed at least two felony convictions for crimes of violence, one of which was identified in the presentence report as Tampering First Degree. The district court[1] sentenced Henderson to 77 months in prison. On appeal,

———————

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

he challenges the base offense level of 24, arguing that first-degree tampering under Missouri law is not a crime of violence.

Henderson's argument is unavailing.  See United States v. Johnson, 417 F.3d 990, 999 (8th Cir. 2005) (holding that risks associated with Missouri offense of tampering by operation "are sufficient to warrant classifying it as a violent felony" for purposes of 18 U.S.C. § 924(e)), cert. denied, 127 S. Ct. 285 (2006); United States v. Sprouse, 394 F.3d 578, 580 (8th Cir. 2005) (because Guidelines definition of "crime of violence" is identical to statutory definition of "violent felony," same analysis applies); United States v. Leathers, 354 F.3d 955, 959 (8th Cir. 2004) (one panel cannot overrule decision of another).

Regardless, the tampering conviction aside, Henderson admitted in his plea agreement that he had prior convictions for attempted robbery and unlawful use of a weapon, which we note qualified him for a base offense level of 24 under section 2K2.1(a)(2).  See United States v. Jackson, 462 F.3d 899, 901 (8th Cir. 2006) (unlawful use of weapon is crime of violence), cert. denied, 127 S. Ct. 1500 (2007); United States v. Bacon, 94 F.3d 158, 161 & n.2 (4th Cir. 1996) (defendant's attempted-robbery conviction was crime of violence under U.S.S.G. § 4B1.2, comment. (n.1)).

Accordingly, we affirm.

_____