# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2229

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Ryechine A. Money, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 16, 2012
Filed: February 22, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ryechine Money pleaded guilty to robbery and firearms offenses, in violation of 18 U.S.C. §§ 1951 and 924(c)(1). Pursuant to a plea agreement, he waived his right to appeal "any issues relating to . . . the guilty plea." The district court[1] sentenced him to 235 months in prison. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable, and that the court erred by refusing to allow Mr. Money to withdraw his

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

guilty plea, by finding he was a career offender, and by overruling his objection to an offense-characteristic enhancement.

We will enforce the appeal waiver as to the argument that Mr. Money should have been allowed to withdraw his guilty plea. This issue falls within the scope of the waiver; his testimony at the plea hearing shows that he entered into both the plea agreement and the waiver knowingly and voluntarily; and we conclude that enforcing the waiver will not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).

We conclude the career-offender designation was proper based on Mr. Money's two prior convictions for violating Mo. Rev. Stat. § 571.030.1(4). See United States v. Jackson, 462 F.3d 899, 901 (8th Cir. 2006); see also United States v. Crippen, 627 F.3d 1056, 1066 (8th Cir. 2010) (under U.S.S.G. § 4A1.2(a)(2) prior sentences are counted separately if they were imposed for offenses that were separated by intervening arrest, and presence of intervening arrest ends inquiry); United States v. Parks, 620 F.3d 911, 913 (8th Cir. 2010) (discussing documents that court may review to determine whether prior offense was crime of violence). Thus, Mr. Money's challenge to the offense-characteristic enhancement is moot. See United States v. LeGrand, 468 F.3d 1077, 1082 (8th Cir. 2006).

We also conclude the district court did not impose an unreasonable sentence. The record reflects that the court considered relevant 18 U.S.C. § 3553(a) factors and explained why it chose a sentence at the low end of the Guidelines range. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issue. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment.

_____