# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3744

_____

United States of America,

*Plaintiff - Appellee,*

v.

Steven A. Hudson,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 19, 2016
Filed: March 21, 2017

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Steven Hudson pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g). The district court[1] increased Hudson's base offense level under USSG § 2K2.1(a)(4)(A) after finding

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

that Hudson had sustained a prior conviction for a "crime of violence." The court cited Hudson's conviction for unlawful use of a firearm under Mo. Rev. Stat. § 571.030.1(4) and this court's holding in *United States v. Pulliam*, 566 F.3d 784 (8th Cir. 2009), that a violation of the same Missouri statute is a "violent felony" for purposes of 18 U.S.C. § 924(e). Hudson appeals, arguing that *Pulliam* is no longer good law in light of intervening Supreme Court decisions. We conclude that *Pulliam* controls and therefore affirm.

The sentencing guidelines provide that when a person is sentenced for unlawful possession of a firearm, the base offense level is 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(4)(A). Without a qualifying prior conviction, the base offense level is lower. The guidelines define "crime of violence" to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). This text is described as the "force" clause of the definition.

Hudson was convicted in 2010 for unlawful use of a weapon under Mo. Rev. Stat. § 571.030.1(4). A person violates that subdivision if he knowingly "[e]xhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner."

In *Pulliam*, we held that § 571.030.1(4) is a "violent felony" under the Armed Career Criminal Act (ACCA). Like the term "crime of violence" under the guidelines, the definition of "violent felony" under the statute includes an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). *Pulliam* addressed a prior conviction under § 571.030.1(4) and said that "[i]t goes without saying that displaying an operational weapon before another in an angry or threatening manner

qualifies as threatened use of physical force against another person." 566 F.3d at 788. Accordingly, the conviction qualified as a violent felony.

Hudson does not contend, in evaluating his prior conviction, that there is any material difference between the "force" clauses in the respective definitions of "violent felony" under § 924(e) and "crime of violence" under the guidelines. He argues, however, that *Pulliam* has been superseded by recent Supreme Court decisions. He cites three principal authorities: *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), *Curtis Johnson v. United States*, 559 U.S. 133 (2010), and *Descamps v. United States*, 133 S. Ct. 2276 (2013).

In *Samuel Johnson*, the Court held that a portion of the definition of "violent felony" in the ACCA known as the "residual clause," 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. 135 S. Ct. at 2563. That decision has no application here. Although the definition of "crime of violence" under the guidelines until recently included an identically-worded residual clause, the guidelines are not subject to constitutional vagueness challenges. *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *11 (U.S. Mar. 6, 2017). More to the point, *Pulliam* did not rely on the residual clause. *Pulliam* held that Mo. Rev. Stat. § 571.030.1(4) is a violent felony under the "force" clause of § 924(e)(2)(B)(i). Therefore, nothing in *Samuel Johnson* calls into question the reasoning of *Pulliam*.

*Curtis Johnson* did address the "force" clause of § 924(e), but it does not undermine *Pulliam*. *Curtis Johnson* held that slight unwanted touching of another person does not constitute "physical force" under the statute, because the statute requires the use, attempted use, or threatened use of "*violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140 (emphasis in original). The Missouri statute under which Hudson was convicted requires exhibiting a weapon that is "readily capable of *lethal use* in an angry or threatening manner." "Lethal" means "[c]apable of causing death," *Black's Law*

*Dictionary* (10th ed. 2014), so threatening use of such a weapon necessarily involves a threatened use of violent force, not merely an unwanted physical touching. *Pulliam*, therefore, is consistent with *Curtis Johnson*.

Hudson's third offering, *Descamps v. United States*, 133 S. Ct. 2276 (2013), addressed when a sentencing court may apply the so-called "modified categorical approach" to determine whether a prior offense is a violent felony under the ACCA. This approach allows courts, when confronted with state statutes that define multiple alternative offenses, to consult a limited class of judicial records to determine under which alternative the defendant was convicted. *Id.* at 2281. *Mathis v. United States*, 136 S. Ct. 2243 (2016), clarified that the modified categorical approach applies only when a statute sets forth alternative elements that define multiple offenses, not when a statute articulates multiple means of committing a single offense. *Id.* at 2252-53.

Neither *Descamps* nor *Mathis* affects the vitality of *Pulliam*. Section 571.030.1 of the Missouri statutes enumerates multiple offenses pertaining to the unlawful use of a weapon. *Yates v. State*, 158 S.W.3d 798, 801-02 (Mo. Ct. App. 2005). Hudson was convicted under subdivision (4). That subdivision is phrased in the alternative, applying to exhibition of a weapon in an "angry *or* threatening manner." *Pulliam*, however, reasoned that a violation of subdivision (4) *categorically* is a violent felony: "displaying an operational weapon before another in an angry or threatening manner qualifies as threatened use of physical force against another person." 566 F.3d at 788. Thus, assuming for the sake of analysis that subdivision (4) defines a single offense, *Pulliam* already concluded that both means of committing the offense (an angry display or a threatening display) involve the requisite threatened use of force. The Supreme Court's refinement of the categorical analysis under § 924(e) therefore does not affect our circuit precedent in *Pulliam*.

Hudson also seems to suggest that *Pulliam* conflicts with *United States v. Fields*, 167 F.3d 1189 (8th Cir. 1999), and *United States v. Jackson*, 462 F.3d 899

(8th Cir. 2006), because those earlier decisions held that § 571.030.1(4) constitutes a "crime of violence" under the residual clause of the guidelines. *Jackson*, 462 F.3d at 901; *Fields*, 167 F.3d at 1191. The residual clause followed a list of several enumerated offenses and encompassed any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2) (2015). *Fields* and *Jackson* do not conflict with *Pulliam*; they simply address a different issue. Under circuit precedent, Hudson's prior conviction qualified as a crime of violence under *both* the force clause of USSG § 4B1.2(a)(1) (*Pulliam*) *and* the residual clause of § 4B1.2(a)(2) (*Fields* and *Jackson*). The district court here relied on the force clause, and that decision was correct in light of *Pulliam*.

Hudson has not identified any developments in Missouri law after 2009 that undermine the court's conclusion in *Pulliam*. Although this court in *United States v. Dixon*, 822 F.3d 464 (8th Cir. 2016), construed Missouri law to mean that the State need not prove that a weapon is "functional" to satisfy the elements of § 571.030.1(4), the weapon that is exhibited in an angry or threatening manner must be "readily capable of lethal use." *Id*. at 466; *cf. id.* at 467 (Kelly, J., concurring). Thus, even if "functional" is deemed synonymous with "operational," such that *Pulliam*'s assumption about an offender displaying an "operational weapon" could be questioned in light of *Dixon*, *see* 566 F.3d at 788, the *Pulliam* court's ultimate conclusion remains sound in light of the statutory elements: Displaying a weapon that is "readily capable of lethal use" before another in an angry or threatening manner qualifies as threatened use of physical force against another person.

The judgment of the district court is affirmed.

_____