# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-2542

_____

United States of America

*Plaintiff - Appellee*

v.

Rodney P. Taylor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Western Division

_____

Submitted: March 6, 2017
Filed: June 13, 2017
[Unpublished]

_____

Before RILEY,[1] Chief Judge, GRUENDER and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

---

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017. He has been succeeded by the Honorable Lavenski R. Smith.

Rodney Taylor entered a conditional plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[2] adopted the presentence investigation report's (PSR) recommended sentencing range and sentenced Taylor to 77 months imprisonment. Taylor appeals (1) the district court's determination that his base offense level was 24 under United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 2K2.1(a)(2), and (2) the district court's denial of his motion to dismiss the indictment because § 922(g)(1) is unconstitutional under the Second Amendment of the United States Constitution as applied to him. Having appellate jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

On September 18, 2014, officers from the Kansas City, Missouri, Police Department responded to a 911 call in which the caller stated Taylor refused to leave her apartment and she feared Taylor might have a gun. Officers met the caller outside the apartment building. The caller told the officers Taylor spoke of having a gun and he shot someone in the past. Officers entered the apartment and found Taylor in the caller's bed. After Taylor denied possessing a firearm, an officer frisked him and felt the outline of a handgun in Taylor's right front pant pocket. Officers placed Taylor in handcuffs and removed a loaded revolver from his pocket. A criminal record check revealed Taylor had multiple prior felony convictions in Missouri. Officers arrested Taylor for being a felon in possession of a firearm.

Before trial, Taylor moved to dismiss the federal grand jury indictment charging him with being a felon in possession of a firearm, arguing 18 U.S.C. § 922(g)(1) was unconstitutional because it violated his right to keep and bear arms under the Second Amendment. The district court denied Taylor's motion to dismiss. Taylor entered a conditional plea of guilty, reserving his right to appeal the district

[2]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

court's denial of his motion to dismiss the indictment. The district court accepted Taylor's conditional plea.

The PSR calculated Taylor's base offense level under U.S.S.G. § 2K2.1(a)(2) as 24. Having received a three-level reduction for acceptance of responsibility, Taylor's total offense level was 21. When paired with Taylor's category VI criminal history, the PSR advised a Guidelines sentencing range of 77 to 96 months imprisonment. At his sentencing hearing, Taylor argued his base offense level should be 20, not 24, because his prior felony convictions for unlawful use of weapons in violation of Mo. Rev. Stat. § 571.030.1(4) do not qualify as "crimes of violence" under § 4B1.2(a) of the Guidelines. The district court overruled Taylor's objections and sentenced him to 77 months imprisonment.

## II.    DISCUSSION

Taylor argues his calculated base offense level of 24 is improper because his prior felony convictions for unlawful use of weapons do not qualify as crimes of violence under § 4B1.2(a) of the Guidelines. We review the district court's findings of fact for clear error and its interpretation and application of the Guidelines de novo. See United States v. Johnson, 846 F.3d 1249, 1250 (8th Cir. 2017). Under the Guidelines, a felon in possession of a firearm with at least two prior felony convictions for a controlled-substance offense or crime of violence receives a base offense level of 24. See U.S.S.G. § 2K2.1(a)(2). Section 4B1.2(a) of the 2005 Guidelines defined crime of violence as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Taylor was convicted in Missouri state court on two counts of unlawful use of weapons in violation of Mo. Rev. Stat. § 571.030.1(4), which states, in relevant part: "[a] person commits the offense of unlawful use of weapons . . . if he or she knowingly . . . [e]xhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner." When deciding whether a crime qualifies as a violent felony under 18 U.S.C. § 924(e)(2)(B) of the Armed Career Criminal Act (ACCA) or a crime of violence under § 4B1.2(a) of the Guidelines, "[w]e sometimes refer to subparagraph (1) as the 'force' clause . . . [and] subparagraph (2) as the 'residual,' or 'otherwise,' clause." United States v. Boose, 739 F.3d 1185, 1186 (8th Cir. 2014) (first citing United States v. Tessmer, 659 F.3d 716, 718 (8th Cir. 2011); and then citing United States v. Craig, 630 F.3d 717, 724 (8th Cir. 2011)); see also United States v. Vincent, 575 F.3d 820, 826 (8th Cir. 2009) (recognizing the definitions of "crime of violence" under the Guidelines and "violent felony" under § 924(e)(2)(B) of the ACCA are interchangeable).

We consistently have held a conviction in violation of Missouri's § 571.030.1(4) qualifies as a crime of violence under the force clause and the residual clause in the Guidelines. See, e.g., United States v. Hudson, 851 F.3d 807, 810 (8th Cir. 2017) (holding a prior conviction in violation of § 571.030.1(4) qualifies "as a crime of violence under *both* the force clause of U.S.S.G. § 4B1.2(a)(1) . . . *and* the residual clause of § 4B1.2(a)(2)"); United States v. Jackson, 462 F.3d 899, 901 (8th Cir. 2006) (holding "a violation of § 571.030.1(4) . . . presents a serious potential risk of physical injury to another . . . and is therefore a crime of violence under § 4B1.2(a)(2) [the residual clause in the Guidelines]" (internal quotations omitted)). In Hudson, addressing a nearly identical argument to Taylor's, we confirmed

§ 571.030.1(4) is a crime of violence under the Guidelines and a violent felony under the ACCA.  See Hudson, 851 F.3d at 810.

Taylor argues the Supreme Court rulings in Samuel Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), and Curtis Johnson v. United States, 559 U.S. 133 (2010), supercede our decisions under the ACCA, and thus preclude finding § 571.030.1(4) is a crime of violence under the Guidelines.  We disagree.  In Hudson, we determined "nothing in Samuel Johnson [or Curtis Johnson] call[ed] into question the reasoning in Pulliam."  Hudson, 851 F.3d at 809 (citing United States v. Pulliam, 566 F.3d 784, 788 (8th Cir. 2009) (concluding § 571.030.1(4) qualifies as a violent felony under the force clause of the ACCA "because it involves the use, attempted use, or threatened use of physical force against the person of another" (internal quotations omitted))).  Ultimately, we concluded "[u]nder [Eighth] [C]ircuit precedent . . . [a] prior conviction [under Missouri's § 571.030.1(4)] qualified as a crime of violence under *both* the force clause of USSG § 4B1.2(a)(1) (Pulliam) *and* the residual clause of § 4B1.2(a)(2) ([United States v.] Fields [167 F.3d 1189, 1191 (8th Cir. 1999)] and Jackson)."  Id. at 810; see United States v. Eason, 829 F.3d 633, 641 (8th Cir. 2016) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (quoting United States v. Anderson, 771 F.3d 1064, 1066 (8th Cir. 2014))).

Taylor argues § 922(g)(1) is unconstitutional as applied to him because he is a non-violent felon and a permanent ban on possessing and carrying firearms violates his Second Amendment right to keep and bear arms.  "We review the constitutionality of [§ 922(g)(1)] de novo."  United States v. Seay, 620 F.3d 919, 923 (8th Cir. 2010).  We have held "it is well settled that Congress did not violate the Second Amendment or exceed its authority under the Commerce Clause when enacting . . . § 922(g)."  United States v. Joos, 638 F.3d 581, 586 (8th Cir. 2011).  While Taylor concedes he has prior felony convictions, he argues "neither the instant offense nor [his] prior felonies involved violent conduct."  But violations of § 571.030.1(4) "present[] a

serious potential risk of physical injury to another." <u>Jackson</u>, 462 F.3d at 901 (internal quotations omitted). Taylor has not demonstrated he is a non-violent felon. <u>See</u>, <u>e.g.</u>, <u>United States v. Bena</u>, 664 F.3d 1180, 1183 (8th Cir. 2011) ("[A] restriction such as prohibiting the possession of firearms by violent felons does not 'impair the core conduct upon which the [Second Amendment] right was premised.'" (quoting <u>Parker v. District of Columbia</u>, 478 F.3d 370, 399 (D.C. Cir. 2007))).

## III. CONCLUSION
We affirm.

_____