508 P.2d 1167

**STATE of Arizona, Appellee,**

v.

**James Ernest WARING, Appellant.**

**No. I CA–CR 464.**

Court of Appeals of Arizona,
Division 1,
Department B.

April 24, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender for Maricopa County, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

JACOBSON, Chief Judge, Division 1.

In this criminal appeal the convicted defendant, after a plea of guilty, questions whether the record adequately reflects that he understood the nature of the charge against him.

The defendant, James Ernest Waring, was originally brought to trial before a jury on the charge of assault with a deadly weapon. The trial before the jury had progressed for two days and after both the state and the defendant had presented their respective cases, during which the defendant took the stand and testified, but prior to the jury retiring to begin its deliberations, a plea bargain was struck. The plea bargain took the form of the state filing an amended information charging the defendant with exhibiting a deadly weapon other than in self-defense in violation of A.R.S. § 13–916 (1969), to which the defendant entered a plea of guilty.

Prior to the plea being accepted, the trial court ascertained from the defendant that he was 36 years old, had two years of college education and had spent nine years in the United States Air Force as an electronics technician. The trial court advised the defendant that the crime of exhibiting a deadly weapon other than in self-defense could be treated as a misdemeanor or as a felony, and if treated as a felony could be punished by five years in the state prison. Moreover, the trial court advised the defendant that by pleading guilty he was waiving the right of trial by jury, the right to confront witnesses against him and the right not to incriminate himself. Finally, the court ascertained that the defendant's plea was not the .result of any promises of leniency or threats or force.

The facts underlying the charge of exhibiting a deadly weapon other than in self-defense, as brought forth in the trial, are that on June 21, 1971, a deputy sheriff who was working as a guard at the Maricopa County jail was assigned to take two prisoners, one of which was the defendant, to the County Hospital for treatment. After the visit at the hospital, the deputy took the prisoners back to the prison van for return transportation to the county jail. The defendant at this time was shackled.

As the defendant went into the van, he grabbed a .22 caliber revolver, which the deputy testified was loaded, pointed the revolver at the deputy and holding the revolver at the deputy, ordered him into the van. By holding the revolver on the deputy and ordering him into the van, the defendant was able to make good his escape from custody.

In the defendant's testimony at trial, he admitted pointing the gun at the deputy in order to make his escape, but maintained that he held the subjective intent not to harm him. At the plea taking hearing, the defendant made the following statement:

> "Well, I understand the second plea [exhibiting a deadly weapon] is also that I was exhibiting a weapon in a threatening manner. I really don't believe that I was exhibiting [it] in a threatening manner. Now, that is what I can't understand."

Based upon his denial of intent to harm the deputy and the expression of lack of understanding quoted above, the defendant contends on appeal that he did not understand the nature of the charge against him.

The operative language of A.R.S. § 13–916 is as follows:

> "A person who, not in necessary self-defense, in the presence of another, draws or exhibits any deadly weapon in a threatening manner . . . is guilty of a crime . . . .."

While the defendant expresses lack of knowledge of any threatening with the weapon, his admissions as to his conduct belie such an expression. The defendant does not contend that he is an idiot or moron or that he lacks the mental capacity to understand the natural consequences of his actions. When he admits pulling a weapon on a deputy sheriff, ordering the deputy to act against his will and as a result of the presence of that weapon makes good his escape, it stretches the credulity of this court, to say the least, that he did not know he was "threatening" the deputy and that the deputy was allowing him to escape from custody out of the goodness of the deputy's heart.

Judgment of conviction and sentence affirmed.

EUBANK, P. J., and HAIRE, J., concur.