540 P.2d 192

**STATE of Arizona, Appellee,**

v.

**Bruce Lin THORNBRUGH, Sr., Appellant.**

No. 1 CA–CR 1206.

Court of Appeals of Arizona, Division 1. Department A.

Sept. 30, 1975.

Review Denied Jan. 6, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Edmund T. Allen, III, Deputy Public Defender, Phoenix, for appellant.

OPINION

DONOFRIO, Judge.

This is an appeal from a jury verdict and judgment of conviction of the crime of exhibiting a deadly weapon other than in self-defense, with a prior conviction. After trial and conviction a prison sentence was imposed of not less than three, nor more than seventy years to begin on No-

vember 7, 1974, the day of appellant's arrest. Defendant is represented by the Public Defender who has filed an opening memorandum in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel also filed a motion for leave to allow defendant to file a supplemental memorandum in *propria persona*. This Court granted the motion and directed counsel to furnish a copy of his opening memorandum, together with a copy of all records in this appeal to the defendant. Defendant thereafter filed a supplemental memorandum which he labeled "Further Grounds For Motion Of Sentence To Be Vacated" and which sets forth a number of reasons to set aside the conviction. His reasons mainly question the sufficiency of the evidence.

In his opening memorandum counsel for defendant presented one arguable question on appeal, namely, whether the court erred in giving an instruction on the lesser included offense of exhibiting a deadly weapon. The offense charged in the information against defendant was assault with a deadly weapon.

The facts presented at trial showed that a taxicab driver answering a call picked up the defendant as a passenger. After defendant had seated himself beside the driver, he pulled a kitchen knife on him. As the driver noticed that the knife was being pointed at him by defendant, he grabbed it, and after some struggling he was able to subdue the defendant. Both received some cuts in the struggle.

We have read and and considered the memoranda filed by defendant. We have also examined the entire record and have determined that there is no prejudicial error.

As to the arguable issue that the crime of exhibiting a deadly weapon was not an included offense to the charge of assault with a deadly weapon, we are unable to find error. Here, the record shows that defendant specifically requested the trial court to give an instruction on the lesser offense which is covered by A.R.S. § 13–916, as amended Laws 1969. Therefore, he is precluded from reurging error in this regard. Even if this were not so, we have no difficulty in finding that the crime defined by this section is a lesser included offense of the original charge. A test for determining whether an offense is included in another is whether the first offense (charged in the information) cannot be committed without necessarily committing the second (lesser included offense). In this case the defendant could not have committed an assault with a deadly weapon without exhibiting or drawing a deadly weapon in a threatening manner against the cab driver. To put it another way, the evidence shows that the elements necessary to commit the lesser offense are not different from those that are also necessary to commit the principal charge. Therefore the lesser charge is necessarily included in the offense charged as set forth in Rule 23.3, Rules of Criminal Procedure.

We have been unable to find any case on the question of whether offenses covered by A.R.S. § 13–916, as amended Law 1969, are, for the purposes of Rule 23.3, supra, necessarily included in offenses charged under A.R.S. § 13–249. However, in *State v. Waring*, 19 Ariz.App. 523, 508 P.2d 1167 (1973), this Court upheld a conviction where in a plea bargain defendant pleaded guilty to exhibiting a deadly weapon other than in self-defense after originally being charged with the offense of assault with a deadly weapon.

Affirmed.

OGG, P. J. and FROEB, J., concurring.