549 P.2d 203

**The STATE of Arizona, Appellee,**

v.

**Jimmie Lee NEAL, Jr., Appellant.**

**No. 2 CA–CR 777.**

Court of Appeals of Arizona,
Division 2.

May 6, 1976.

Rehearing Denied June 1, 1976.
Review Denied June 29, 1976.

**424**

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Galen H. Wilkes, Assts. Attys. Gen., Phoenix, for appellee.

Gentry, McNulty, Borowiec, Hewlett & Desens by Matthew W. Borowiec and Stephen M. Desens, Bisbee, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was indicted for assaulting Frank Samuelson, Marion Parker and Gerald Spence with a deadly weapon—a shotgun. After a jury trial he was found not guilty of assault with a deadly weapon but guilty of the lesser included offense of exhibiting a deadly weapon other than in self-defense.

On appeal he contends the court erred (1) in the forms of verdict submitted to the jury, (2) by restricting defense counsel's re-cross-examination, (3) in the giving of certain instructions and (4) by improperly commenting upon the evidence.

The facts taken in the light most favorable to upholding the jury verdict show that around noon on September 29, 1975, Gerald Spence and his girlfriend entered the culvert beneath Fry Boulevard adjacent to the Buena Vista High School in the City of Sierra Vista, Arizona. Upon exiting from the culvert, they were confronted by appellant and his younger brother, John Neal. A brief conversation ensued during which Spence admitted knowing about a "rip-off" concerning John Neal. At that point, appellant struck Spence. Spence immediately returned to the schoolyard, told some of his friends what had transpired, and began walking back to the culvert with the group.

Marion Parker, a school security guard, noticed the large crowd gathering in the school parking lot between the school and the culvert and directed that the assistant principal, Frank Samuelson be contacted. Samuelson proceeded to Fry Boulevard where he estimated there were thirty-five students with more coming. When Samuelson arrived at the street, he tried to keep John Neal and Spence apart. At that time, appellant's other younger brother, Joe

Neal, jumped on Samuelson and was successful in freeing John Neal. As John Neal broke away, appellant was struck on the side of the head by a crutch, resulting in a wound requiring stitches. Parker then discharged a chemical agent directed at John Neal, which also affected appellant. Bleeding from his wound and dizzy, appellant retreated to the side of the road. By this time, there were more than one hundred people at the scene.

Appellant, fearful that he was about to pass out and that his younger brothers might get hurt, went down into the culvert area, about six to seven feet beneath Fry Boulevard, and retrieved his shotgun from behind a tree where he had hidden it earlier. While down there, appellant fired one shot into the air over his head. Since the shot had little effect on the crowd which was still in the street above, appellant walked up the embankment to the side of Fry Boulevard, yelled "get out of here" and fired a second shot from the hip at approximately a 45-degree angle over the heads of the crowd on the opposite side of the street. The shotgun was not aimed at any one specific person or persons. After the second shot, the crowd dispersed.

■ Appellant's first contention is that the court committed prejudicial error in the form of the verdict given to the jury. The trial court without conferring with counsel, submitted the following form of verdict:

"We the Jury, duly impaneled and sworn in the above entitled action, upon our oaths do find the defendant guilty (not guilty) of exhibiting a deadly weapon other than in self-defense."

Appellant argues that Rule 21.3(a), Rules of Criminal Procedure, 17 A.R.S., requires the court to hold a conference with counsel and inform them of the verdict forms it intends to submit. Appellant's counsel offered to withdraw his objections to the form of the verdict if the court would omit the words "other than in self-defense". The court rejected this offer.

Appellant contends that by including the words "other than in self-defense", the court misstated the law and misled the jury into believing that defense of another was inapplicable in the case at bar and, further created confusion because his actions in discharging the shotgun were not predicated on a belief he was acting in self-defense. Rather, his actions were motivated toward the defense of another—his brothers, which constitutes a lawful exhibition of a deadly weapon in a fight or quarrel, permissible under A.R.S. Sec. 13–916.

Initially, we note that the title of A.R.S. Sec. 13–916 contains the phrase "other than in self-defense" and that courts have frequently and properly referred to the acts proscribed by Sec. 13–916 as "exhibiting a deadly weapon other than in self-defense". *State v. Thornbrugh*, 24 Ariz.App. 573, 540 P.2d 192 (1975); *State v. Pearce*, 22 Ariz.App. 338, 527 P.2d 297 (1974); *State v. Waring*, 19 Ariz.App. 523, 508 P.2d 1167 (1973).

The court instructed the jury that a defense to the charge of exhibiting a deadly weapon other than in self-defense was that appellant was acting in the defense of another person. The elements of this defense were explicitly stated to the jury. Upon these facts, we believe appellant's theory of the case was clearly stated and presented to the jury and was not in any way negated by the form of verdict which was correct. Although the judge did not hold the conference required by Rule 21.-3(a), we cannot see, under these circumstances, how appellant was prejudiced.

■ Next, appellant contends the court permitted the introduction of immaterial evidence and then erred in restricting re-cross examination pertaining to it. This evidence pertained to the assault charge, but since appellant was found not guilty of assault with a deadly weapon he could not have been prejudiced by this claimed error.

■ Appellant's third contention is that the court erred in giving certain instructions to the jury. First, as to State instruction No. 4, he claims that the last four words of the instruction, "other than in self-defense", misstated the law and misled the jury into thinking that only acting in self-defense would be a lawful use of a deadly weapon. He asserts that the elements of the crime of exhibiting a deadly weapon permits the lawful exhibition of a deadly weapon in a fight or quarrel and that defense of another person would be a lawful use.

■ We find no merit to appellant's contention that the jury was misled. As previously stated, the title of A.R.S. Sec. 13–916 contains the phrase "other than in self-defense" and the court also instructed the jury that a defense to the charge was acting in the defense of another. Thus, appellant's theory of the case was correctly given to the jury. In addition, we are of the opinion that the trial court correctly stated the law in this instruction because the offense of assault with a deadly weapon includes the lesser offense of exhibiting a deadly weapon other than in self-defense.

The second instruction appellant complains of is State instruction No. 8 which reads:

"The words, 'exhibiting a deadly weapon,' do not require that the defendant point the weapon at anyone."

He argues that it was the third instruction given concerning the lesser included charge and was prejudicial in that it informed the jury that he could be found guilty of A.R.S. Sec. 13–916 even though he did not point the shotgun at Samuelson, Parker or Spence.

■ While A.R.S. Sec. 13–916 does not require that the weapon be pointed at the victim, it does prohibit exhibiting any deadly weapon in a threatening manner and is primarily designed to proscribe any acts likely to endanger other persons. *State v. Pearce,* supra. In the case at bar, appellant was properly found guilty of violating A.R.S. Sec. 13–916 even though he did not point the gun directly at anyone. In holding the shotgun at his hip and firing, appellant clearly exhibited a deadly weapon in a threatening manner. His acts were definitely the kind prohibited by Sec. 13–916. The giving of this instruction was proper.

■ The last instruction appellant complains of is instruction No. 5 which in pertinent part states:

"The defendant does not have to intend to inflict or actually inflict any injuries by his actions."

Appellant argues that this instruction was prejudicial because the court's instruction on assault clearly informed the jury as a legal matter, that he did not have to touch the victim in order to commit assault. We do not agree with appellant that this instruction was duplicitous. Assault requires an intent to commit a battery. *State v. Andrews,* 106 Ariz. 372, 476 P.2d 673 (1970). Exhibiting a weapon other than in self-defense does not require such intent. *State v. Pearce,* supra.

■ Finally, appellant argues that the court improperly interrupted defense counsel during closing argument and by commenting on the evidence impeached counsel's credibility and the logic of his closing argument in violation of the Arizona Constitution, Art. 6, Sec. 27.

It is clear from the record that during closing argument, defense counsel implied that appellant might have been using a blank. The court, in interrupting defense counsel, was not commenting on the evidence but was merely pointing out that on direct examination, appellant testified that he had loaded the shell with shot and powder. The court in correcting defense counsel's statements did not err. *Nardelli v. T. C. Triplett Bldg. Co.,* 38 Ariz. 168, 298 P. 402 (1931).

Finding no error, the judgment of conviction is affirmed.

KRUCKER and HATHAWAY, JJ., concur.