# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4127

_____

Thomas Boaz

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeals from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: January 12, 2018
Filed: March 13, 2018

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Thomas Boaz appeals the denial of his 28 U.S.C. § 2255 petition. In 2009, a district court sentenced Boaz to 190 months' imprisonment and five years' supervised release after concluding that he qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). In 2016, Boaz filed this § 2255 petition arguing that because *Johnson v. United States*, 135 S. Ct. 2551,

2563 (2015), invalidated the residual clause of the ACCA, he no longer qualified as an armed career criminal and should be resentenced. The Government responded that Boaz still qualified as an armed career criminal after *Johnson*, and that even if he did not, his sentence remained valid because the district court had authority to sentence him to 190 months' imprisonment without the ACCA enhancement.[1] The district court[2] adopted the Government's position on both issues.

We affirm. Because Boaz's 1974 Arizona conviction for exhibiting a deadly weapon qualifies as a predicate offense under the force clause of the ACCA, Boaz remains an armed career criminal without reliance on the now-invalidated residual clause.

We review *de novo* the question whether Boaz's conviction qualifies as a violent felony under the force clause of the ACCA. *See United States v. Jordan*, 812 F.3d 1183, 1185 (8th Cir. 2016). "Under the ACCA's force clause, a crime is a violent felony if it is 'punishable by imprisonment for a term exceeding one year' and 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *Jones v. United States*, 870 F.3d 750, 752 (8th Cir. 2017) (quoting 18 U.S.C. § 924(e)(2)(B)(i)). "Physical force means violent force—that is, force capable of causing physical pain or injury to another person." *Jordan*, 812 F.3d

---

[1] The Government relies on two cases for its latter argument. *See Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (holding that an alleged sentencing guidelines error did not present a cognizable § 2255 claim where the sentence did not exceed the statutory maximum); *Olten v. United States*, 565 F. App'x 558, 561 (8th Cir. 2014) (per curiam) (applying *Sun Bear* in the ACCA context). Boaz had been convicted of two counts of being a felon in possession of a firearm, and each count carries a statutory maximum of 120 months' imprisonment without the ACCA enhancement. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2).

[2] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

at 1186 (internal quotation marks and emphasis omitted).  In analyzing whether the Arizona conviction satisfies the force clause, we apply "a categorical approach that looks to the fact of conviction and the statutory elements of the prior offense." *See Headbird v. United States*, 813 F.3d 1092, 1095 (8th Cir. 2016).  Under this approach, we do not examine the particular facts underlying the conviction but instead ask whether the conviction, based on the elements of the offense, "necessarily" involved the "use, attempted use, or threatened use of physical force against the person of another." *Jones*, 870 F.3d at 752; 18 U.S.C. § 924(e)(2)(B)(i).

Boaz was convicted of exhibiting a deadly weapon in violation of Arizona law. The now-repealed Arizona statute provided that a "person who, not in necessary self-defense, in the presence of another, draws or exhibits any deadly weapon in a threatening manner, or who, in any manner, unlawfully uses the weapon in a fight or quarrel, is guilty of a crime[.]" *See United States v. Boaz*, 558 F.3d 800, 808 (8th Cir. 2009) (quoting Ariz. Rev. Stat. Ann. § 13-916 (1974) (repealed)).  Boaz does not dispute that the crime is "punishable by imprisonment for a term exceeding one year." *See* 18 U.S.C. § 924(e)(2)(B).

On the question whether this offense "has as an element the use, attempted use, or threatened use of physical force against the person of another," *id.* at § 924(e)(2)(B)(i), our prior interpretation of a similar Missouri offense concerning unlawful use of a weapon guides our analysis.  A person violates the Missouri statute when he knowingly "[e]xhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner."  Mo. Rev. Stat. § 571.030.1(4).  In *United States v. Pulliam*, 566 F.3d 784 (8th Cir. 2009), we held that it "goes without saying that displaying an operational weapon before another in an angry or threatening manner qualifies as threatened use of physical force against another person." *Id.* at 788.  We thus concluded that the Missouri offense satisfied

the force clause of the ACCA—a holding we recently reaffirmed in *United States v. Hudson*, 851 F.3d 807, 808 (8th Cir. 2017).[3]

The Missouri statute is materially indistinguishable from the Arizona statute. Missouri requires a "lethal" weapon; Arizona requires a "deadly" weapon. Missouri requires a "threatening" or "angry" exhibition of the weapon; Arizona requires a "threatening" exhibition of the weapon or use of the weapon "in any manner . . . in a fight or quarrel." Indeed, we held in Boaz's direct appeal that the Arizona offense "clearly" qualified as a violent felony by comparing it to the Missouri offense. *See Boaz*, 558 F.3d at 808. Although our prior *Boaz* decision predates *Johnson*'s invalidation of the residual clause, the decision supports the proposition that we should treat the Missouri and Arizona statutes similarly.

Boaz's responses are unpersuasive. He cites a Ninth Circuit decision for the proposition that the Arizona conviction does not satisfy the force clause. *See United States v. Long*, 62 F.3d 1426 (9th Cir. 1995) (unpublished). But one reading of the relevant passage is that the court was describing the defendant's argument and not expressing its view on the applicability of the force clause. *See id.* at 1426.[4] Even

---

[3] *Hudson* was a sentencing guidelines case, but we view the force clauses in the ACCA and guidelines interchangeably. *See Jordan*, 812 F.3d at 1186 n.1.

[4] The paragraph at issue reads:

The appellant argues that, while assaulting with a deadly weapon is a violent felony, exhibiting one is not. Specifically, Long points out that "exhibiting does not require intent and is distinguished from assault on that basis." Appellant's Brief at 24. Under the first prong of section 924(e)(2)(B), this predicate conviction lacks the element of "'use,

-4-

if one reads the passage as more than mere description, however, the passage is dicta. Writing in 1995 before the *Johnson* decision, the *Long* court found that the conviction qualified as a violent felony under the residual clause of the ACCA, so the force-clause passage was not necessary to its holding. *See id.*; *Boesing v. Spiess*, 540 F.3d 886, 892 n.5 (8th Cir. 2008) (noting that a "relevant passage is, at best, dicta because it was not necessary to the court's holding"). Moreover, even if the relevant passage were not dicta, *Long* is an unpublished case from the Ninth Circuit. We are not bound by it.

Boaz also cites two Arizona cases. In *State v. Pearce*, 527 P.2d 297 (Ariz. Ct. App. 1974), the court noted that the purpose of the Arizona statute is "to make punishable acts which endanger or are likely to endanger other persons," and based on this purpose, it held that the offense does not require a specific intent to threaten. *Id.* at 300-01. Boaz suggests that the quoted language indicates that the statute criminalizes any conduct "likely to endanger" others and that his conviction therefore does not "necessarily" involve the "use, attempted use, or threatened use of physical force against the person of another." *See id.*; *Jones*, 870 F.3d at 752. But Boaz misreads the case. The quoted language describes the statute's purpose. *Pearce*, 527 P.2d at 300-01. It does not indicate that the statute criminalizes any conduct "likely to endanger" others. *Id.* As for the requisite intent for the Arizona offense, a conviction can satisfy the force clause even if it does not require a specific intent to threaten. *United States v. Harper*, 869 F.3d 624, 626 (8th Cir. 2017).

Boaz's second case offers no more support. He cites *State v. Neal*, 549 P.2d 203 (Ariz. Ct. App. 1976), to show that Arizona courts enforced the statute against

attempted use, or threatened use of physical force against the person of another.'" Thus, according to Long, this conviction does not satisfy the categorical analysis approach for purposes of section 924(e).

*Long*, 62 F.3d at 1426.

individuals who exhibited their weapons in non-threatening manners. But the defendant in *Neal* ordered a group of individuals to disperse and then shot his gun over their heads so that they would comply. *Id*. at 205. Indeed, the *Neal* court itself characterized the actions as "threatening." *Id*. at 206; *see also United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016) (discussing the meaning of "threat" under § 924).

We have found no other case supporting Boaz's position and conclude that the Arizona conviction qualifies as a violent felony under the ACCA's force clause. Because Boaz remains an armed career criminal, we affirm.[5]

––––––––––––––––––––––––––––

[5]We need not address the Government's alternative argument that because Boaz's sentence falls below the statutory maximum for his two counts of conviction, his sentence remains valid even without the ACCA enhancement. *See supra* note 1.