In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 20-1952

ALLEN BROWN,

*Petitioner-Appellant,*

*v.*

JEFFREY E. KRUEGER,

*Respondent-Appellee.*

---

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:17-cv-00240 — **Jane Magnus-Stinson**, *Judge.*

---

ARGUED SEPTEMBER 17, 2021 — DECIDED FEBRUARY 10, 2022

---

Before SYKES, *Chief Judge*, and FLAUM and KIRSCH, *Circuit Judges*.

KIRSCH, *Circuit Judge*. In 2012, Allen Brown pled guilty in the Eastern District of Missouri to unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Brown admitted to eight prior state law felony convictions, leading to an enhanced, 262 month sentence under the Armed Career Criminal Act, commonly known as the ACCA. After unsuccessfully seeking habeas relief in the Eighth Circuit under 28 U.S.C.

§ 2255, Brown used 28 U.S.C. § 2241 to file this habeas petition in our circuit, where he was then confined, contending that the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), leaves him without the three predicate offenses necessary to sustain his ACCA-enhanced sentence. To press his claim, Brown relies on *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), in which we held that a federal prisoner may seek § 2241 relief in the circuit of confinement where § 2255's tight limits on second or successive motions would deny that prisoner even one opportunity to seek habeas relief based on a newly issued statutory interpretation decision.

But *Davenport* driven § 2241 petitions present a thorny choice of law question: are we to apply the law of the circuit of confinement or that of the circuit of conviction? If the latter, then Brown cannot prevail—Eighth Circuit precedent clearly leaves him with the three predicate offenses necessary to sustain his ACCA-enhanced sentence. In *Chazen v. Marske*, 938 F.3d 851 (7th Cir. 2019), we faced this same choice of law issue but declined to decide it because the government conceded that circuit of confinement law applied. Today, a similar (though opposite) concession from Brown leads us to apply Eighth Circuit law without resolving *Davenport*'s choice of law question. Because Brown has the three predicate offenses necessary to sustain his ACCA-enhanced sentence, we affirm the district court's denial of § 2241 relief.

I

In Allen Brown's 2012 guilty plea, he acknowledged eight prior Missouri felony convictions for offenses including resisting arrest, armed criminal action, weapons exhibiting, discharging a firearm from a vehicle, first degree vehicular tampering, first degree assault, and twice selling controlled

substances. Brown further conceded that each of these offenses was a serious drug offense or violent felony under the ACCA, 18 U.S.C. § 924(e). These convictions caused Brown to be designated an armed career criminal, leading to an ACCA-enhanced 262 month sentence, the reasonableness of which he unsuccessfully challenged in a direct appeal before the Eighth Circuit.

Several years later, in 2016, Brown filed a motion under 28 U.S.C. § 2255 in the Eastern District of Missouri seeking to vacate his sentence and conviction. He based this request for habeas relief on *Johnson v. United States*, 576 U.S. 591 (2015), in which the Supreme Court invalidated § 924(e)'s so-called residual clause as unconstitutionally vague. Brown argued that, post-*Johnson*, none of his prior crimes was a violent felony under § 924(e), leaving only his two drug selling convictions as predicate offenses, one short of the three needed to sustain his ACCA-enhanced sentence.

The district court disagreed. Relying on the Eighth Circuit's holding in *United States v. Pulliam*, 566 F.3d 784 (8th Cir. 2009), it concluded that Brown's weapons exhibiting offense remained a violent felony under § 924(e)'s elements clause, which *Johnson* left untouched. Because this left Brown with at least three predicate offenses, that court denied Brown's § 2255 motion.

The next year, in 2017, Brown relied on *Davenport* to file this § 2241 petition in the Southern District of Indiana, where he was then confined. Brown again argued that he lacked the three predicate offenses necessary to support his ACCA-enhanced sentence, this time relying on the Supreme Court's 2016 decision in *Mathis*. But this too was unsuccessful. The district court for the Southern District of Indiana relied on a

post-*Mathis* Eighth Circuit decision reaffirming *Pulliam* to conclude that Brown's weapons exhibiting offense remained a violent felony for ACCA purposes, leading it to deny Brown's petition for § 2241 relief. See *United States v. Hudson*, 851 F.3d 807, 809–10 (8th Cir. 2018). The present appeal followed.

## II

Under *Davenport*, a federal habeas petitioner may circumvent § 2255's second-or-successive bar and seek § 2241 relief in our circuit only if three conditions are satisfied. First, the petitioner must rely on a statutory interpretation case because (unlike constitutional cases) § 2255's second-or-successive bar contains no exception for statutory interpretation decisions. *Chazen*, 938 F.3d at 856. Second, the petitioner must establish that he was unable to raise his statutory claim when he filed his original § 2255 motion and that the statutory interpretation decision relied upon applies retroactively. *Id.* Finally, the legal error that would result from denying § 2241 relief must be "grave enough to be deemed a miscarriage of justice." *Id.*

The government concedes that the first two requirements are met, which we accept for the purposes of this appeal. See *Id.* at 865 (Barrett, J., concurring) (noting our discretion—although not an obligation—to accept a concession on a point of law). That leaves at issue only the third *Davenport* prong—whether denial of § 2241 relief would be a miscarriage of justice. We've already held that a miscarriage of justice occurs when a defendant erroneously receives an ACCA-enhanced sentence. See *Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2019). And so the third *Davenport* prong in this case boils down to a single merits determination: if Brown is correct that *Mathis* leaves him without three ACCA-predicate offenses, then

failing to provide § 2241 relief would be a miscarriage of justice; if not, his sentence must stand.

Brown concedes that his two drug selling offenses are ACCA predicates, so we need only determine whether one of his other prior convictions remains a violent felony post-*Mathis*. The district court began with Brown's weapons exhibiting offense, which Eight Circuit law deems a violent felony both pre- and post-*Mathis*; we follow the same course.

### III

The ACCA imposes a 15 year minimum sentence on any individual convicted of possessing a firearm in violation of 18 U.S.C. § 922(g)(1) while having three prior convictions for violent felonies, serious drug offenses, or some combination of both. 18 U.S.C. § 924(e). What constitutes a violent felony is defined in two separate clauses of § 924(e)(2)(B). One—the enumerated offenses clause—lists various generic offenses, including burglary, arson, and extortion. § 924(e)(2)(B)(ii). The other—the elements clause, which is the subject of today's analysis—encompasses any offense "ha[ving] as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i).

In determining whether a defendant's prior conviction is a violent felony, courts are to take a categorical approach, comparing the elements of the defendant's statute of conviction against those of the offenses described by the two clauses listed above. *Mathis*, 136 S. Ct. at 2248. If the elements of the statute of conviction are any broader than those specified by the ACCA, then it cannot be an ACCA predicate. *Id. Mathis* clarified that courts must distinguish between the elements of an offense (which a jury must find beyond a reasonable

doubt) and the statutorily-specified means of committing an offense (which the jury needn't agree on at all) when applying the categorical approach. *Id.* In so doing, *Mathis* overturned earlier Eighth Circuit categorical approach decisions, which failed to draw this distinction. See *id.* at 2250–51.

*Mathis*'s overturning of these earlier Eighth Circuit decisions is where Brown stakes today's claim. Although he concedes that his two drug selling offenses remain ACCA predicates, he contends that none of his other six convictions is a violent felony post-*Mathis*, leaving him one shy of the three predicate offenses needed to uphold his sentence.

Brown must first overcome *Pulliam*, a pre-*Mathis* Eighth Circuit decision holding that Brown's weapons exhibiting offense—codified at Mo. Rev. Stat. § 571.030.1(4)—is a violent felony under the ACCA's elements clause. See 566 F.3d at 788. To do so, Brown argues that *Pulliam* was rendered a dead letter by *Mathis*, which made all of the Eighth Circuit's earlier categorical approach decisions non-controlling. And on this count, Brown is right: the Eighth Circuit has acknowledged that its pre-*Mathis* categorical approach decisions are no longer good law. See *Brown v. United States*, 929 F.3d 554, 559 (8th Cir. 2019).

But Brown faces a further difficulty. He's conceded that circuit of conviction law (here, that of the Eighth Circuit) generally applies to *Davenport* based habeas petitions. And although *Pulliam* holds no force after *Mathis*, a post-*Mathis* Eighth Circuit decision—*United States v. Hudson*—has once again deemed § 571.030.1(4) a violent felony. See 851 F.3d at 810. If we apply *Hudson*, there's nothing more to say: Brown has the three predicate offenses needed to uphold his sentence.

Brown therefore argues for an exception to his concession that circuit of conviction law generally applies to *Davenport* based habeas petitions. His position is that where a sister circuit has, in deeming a state law offense to be an ACCA predicate, overlooked contrary decisions from the courts of that state, we should go our own way in interpreting the state statute at issue.

Brown cites no authority supporting this position, and we couldn't find any. Although Brown cites *United States v. Maness*, 23 F.3d 1006 (6th Cir. 1994), that case is inapposite. *Maness* was a direct appeal, not a cross-circuit § 2241 petition, and so did not raise a choice of law question. But regardless of whether such an exception exists (we doubt it), it's inconsequential here. There are no signs that the Eighth Circuit has overlooked contrary Missouri state court holdings. The case that Brown relies on is *State v. Gheen*, 41 S.W.3d 598 (Mo. Ct. App. 2001), a Missouri Court of Appeals decision involving the same weapons exhibiting offense of which Brown was convicted. During a road rage incident, the defendant fired several shots toward another driver, who was killed when a bullet ricocheted. *Id.* at 601. This occurred as the defendant's girlfriend and her child watched from inside the car. *Id.* at 600–01.

Upon being charged with felony murder, the defendant argued that the prosecution couldn't prove the underlying weapons exhibiting offense, which criminalizes "knowingly exhibit[ing], in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner." *Id.* at 605 (citing Mo. Rev. Stat. § 571.030.1(4)). As he saw it, the evidence showed only that he had exhibited the handgun in front of his girlfriend and her child (whom he

wasn't threatening), and not that he had done so in an angry or threatening manner. *Id.* at 605–06. But the Missouri Court of Appeals rejected this argument, finding that the jury could infer from the shots fired in the other driver's direction that the defendant had brandished his gun in a threatening manner. *Id.* at 606.

In Brown's view, *Gheen* demonstrates that § 571.030.1(4) doesn't necessarily entail the "use, attempted use, or threatened use of physical force" against another person, as the ACCA's elements clause requires, given that the defendant had not threatened his girlfriend or her child. And, Brown argues, this means § 571.030.1(4) criminalizes behavior outside the scope of the elements clause, making it ineligible as an ACCA predicate.

But we disagree: the *Gheen* defendant, by brandishing a firearm in the presence of others, certainly threatened to use (and then fatally *did* use) physical force against another person, regardless of whether it was his victim or others who witnessed that threat. That fits perfectly within the ACCA's elements clause, which requires only the "threatened use of physical force against the person … of another." So we can't say that *Gheen* mandates a contrary conclusion from the Eighth Circuit's read of § 571.030.1(4). Moreover, a decision from the Missouri Supreme Court—which controls over *Gheen*, an intermediate appellate decision—supports treating § 571.030.1(4) as a violent felony under the elements clause.

In *State v. Parkhurst*, 845 S.W.2d 31 (Mo. 1992), the Missouri Supreme Court suggested that § 571.030.1(4) categorically involves threatened physical force against another. Specifically, it held that a defendant may raise self-defense against a § 571.030.1(4) charge because "flourishing a weapon in the

presence of others is equated to an assault," which results in "a substantial risk of death or physical injury to those in whose presence such conduct occurs." *Id.* at 36. *Parkhurst* could therefore be read to suggest that § 571.030.1(4) violations invariably involve the threatened use of force against others, just as the ACCA's elements clause requires.

Because *Gheen* isn't at odds with—and *Parkhurst* seems to support—the Eighth Circuit's view of § 571.030.1(4), Brown's proposed exception isn't satisfied. And that being so, we take Brown at his word that Eighth Circuit law otherwise controls the outcome of the appeal. See *Chazen*, 938 F.3d at 860 (accepting the government's choice of law concession in a *Davenport* based appeal). In doing so, we decline to decide the *Davenport* choice of law question, which "deserves our careful consideration" and should be resolved only after the benefit of full briefing on that issue from both parties in a future case. *Id.* at 865–66 (Barrett, J., concurring) (expressing skepticism that circuit of confinement law should ever apply in *Davenport* cases).

Given the Eighth Circuit's holding that § 571.030.1(4) is a violent felony under the ACCA's elements clause, Brown has the three predicate offenses necessary to sustain his enhanced sentence. We therefore affirm the district court's denial of § 2241 relief.

AFFIRMED