# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3237

_____

United States of America

*Plaintiff - Appellee*

v.

Keith Larry

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 19, 2022
Filed: October 17, 2022

_____

Before COLLOTON, WOLLMAN, and STRAS, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Keith Larry knowingly exhibited a knife in an angry or threatening manner in the presence of his wife in 2012. He was thereafter convicted of unlawful use of a weapon – exhibiting, in violation of Mo. Rev. Stat. § 571.030.1(4).

Larry pleaded guilty in 2021 to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Applying circuit precedent, the district court[1] determined that Larry's Missouri offense constituted a "crime of violence" under the U.S. Sentencing Guidelines, see United States v. Pulliam, 566 F.3d 784 (8th Cir. 2009), and therefore increased his base offense level. Larry appeals, arguing that Pulliam is no longer good law in light of Borden v. United States, 141 S. Ct. 1817 (2021), and that the district court thus committed procedural error in determining his Guidelines sentencing range. We affirm.

The Guidelines set a base offense level of 20 for a felon-in-possession if the defendant "committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). The base offense level is lower if the defendant has no qualifying convictions. The Guidelines define "crime of violence" to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). This definition is known as the "force clause." We held in Pulliam that Mo. Rev. Stat. § 571.030.1(4) qualified as a "violent felony" under the Armed Career Criminal Act's (ACCA) force clause. 566 F.3d at 788; see also Brown v. Krueger, 25 F.4th 526, 530–31 (7th Cir. 2022) (concluding that because the Missouri Supreme Court has equated the exhibiting weapons offense to assault, the offense may categorically involve threatened use of force against others) (citing State v. Parkhurst, 845 S.W.2d 31, 36 (Mo. 1992)). We later upheld a determination that, under Pulliam, Mo. Rev. Stat.

---

[1]The Honorable Matthew T. Schelp, United States District Judge for the Eastern District of Missouri.

§ 571.030.1(4) qualified as a "crime of violence" under the Guidelines's force clause.[2] United States v. Hudson, 851 F.3d 807, 810 (8th Cir. 2017).

Borden held that the ACCA's force clause "categorically excludes crimes that can be committed recklessly." United States v. Matthews, 25 F.4th 601, 603 (8th Cir. 2022) (quoting United States v. Hoxworth, 11 F.4th 693, 695 (8th Cir. 2021)). Missouri Revised Statutes § 571.030.1(4) plainly requires that the crime be committed with knowledge:

> 1.  A person commits the offense of unlawful use of weapons . . . if he or she knowingly:
>
> . . .
>
> (4)  Exhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner;
>
> . . . .

Borden's holding thus does not affect our circuit precedent in Pulliam. See United States v. Frazier, No. 21-2187, 2022 WL 4114057, at *2 (8th Cir. Sept. 9, 2022) ("The upshot of Borden is that a crime committed with a *mens rea* of recklessness does not involve 'the use, attempted use, or threatened use of physical force against the person of another.'"); United States v. Lopez-Castillo, 24 F.4th 1216, 1219 n.2 (8th Cir. 2022) ("After Borden v. United States, a crime of violence . . . requires a mens rea greater than recklessness—e.g., knowledge or intent.").

Larry argues that Borden requires that the offender's force be targeted at another person. He relies on the four-Justice plurality's conclusion that "[t]he phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his

---

[2]Because their language is identical, "we view the force clauses in the ACCA and guidelines interchangeably." Boaz v. United States, 884 F.3d 808, 810 n.3 (8th Cir. 2018).

-3-

action at, or target, another individual." <u>Borden</u>, 141 S. Ct. at 1825. "So it excludes conduct, like recklessness, that is not directed or targeted at another." <u>Id.</u> at 1833. Justice Thomas's concurring opinion, however, did not rely on the phrase "against the person of another" to reach the conclusion that mere recklessness does not satisfy the force clause. <u>Id</u> at 1835. He instead rested his analysis on "use of physical force," reiterating that the phrase "has a well-understood meaning applying only to intentional acts designed to cause harm." <u>Id.</u> (quoting <u>Voisine v. United States</u>, 579 U.S. 686, 713 (2016) (Thomas, J., dissenting)). When the plurality and concurring opinions are read together, then, <u>Borden</u> holds only that the force clause categorically excludes offenses that can be committed recklessly. <u>Pulliam</u> thus remains binding precedent.

The judgment is affirmed.

_____