# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-1417

———————————————

United States of America

*Plaintiff - Appellee*

v.

Darren M. McDonald

*Defendant - Appellant*

———————————

Appeal from United States District Court
for the Eastern District of Missouri

———————————

Submitted: November 14, 2022
Filed:  February 16, 2023
[Unpublished]

———————————

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.

———————————

PER CURIAM.

Darren M. McDonald pled guilty to unlawfully possessing methamphetamine and fentanyl with the intent to distribute, 21 U.S.C. § 841(a), and unlawfully

possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). The district court[1] sentenced McDonald to 43 months of imprisonment.

McDonald appeals, arguing the district court miscalculated the United States Sentencing Guidelines ("Guidelines") range from which it based its sentence. McDonald specifically contends the district court wrongly determined his base offense level by concluding his past conviction under Missouri Revised Statute § 571.030.1(4) was a "crime of violence" for purposes of the Guidelines.

Section 571.030.1(4) makes it a crime to "knowingly . . . [e]xhibit[], in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner . . . ." McDonald maintains that because a person could be convicted for violating this Missouri statute without intending to injure or threaten another person, it does not have "as an element the use, attempted use, or threatened use of physical force" as necessary to be considered a crime of violence as defined by U.S.S.G. § 4B1.2(a)(1). Our precedent has long held otherwise. *See United States v. Pulliam*, 566 F.3d 784, 787–88 (8th Cir. 2009) (holding Mo. Rev. Stat. § 571.030.1(4) is a "violent felony" for purposes of the Armed Career Criminal Act); *United States v. Hudson*, 851 F.3d 807, 808–10 (8th Cir. 2017) (holding the same Missouri offense is a "crime of violence" as defined by § 4B1.2 of the Guidelines).

In *Pulliam*, we explained "displaying an operational weapon before another in an angry or threatening manner qualifies as threatened use of physical force against another person." 566 F.3d at 788. Under this same rationale, we later held a conviction under this Missouri statute qualified as a crime of violence for purposes of the Guidelines. *See Hudson*, 851 F.3d at 808–10. McDonald argues *Pulliam* and *Hudson* no longer control in light of the Supreme Court's plurality opinion in *Borden v. United States*, 141 S. Ct. 1817, 1833 (2021) (plurality opinion). According to McDonald, *Borden* established that the "use of force" definition excludes state

---

[1]The Honorable Rodney W. Sippel, then Chief Judge, now United States District Judge for the Eastern District of Missouri.

crimes defined by the creation of risks of injury not requiring an intentional design to cause harm to another person. We previously rejected a similar characterization of the case, explaining that "[w]hen the plurality and concurring opinions are read together, . . . *Borden* holds only that the force clause categorically excludes offenses that can be committed recklessly." *United States v. Larry*, 51 F.4th 290, 292 (8th Cir. 2022). Because Mo. Rev. Stat. § 571.030.1(4) "plainly requires that the crime be committed with knowledge[,] . . . . *Borden*'s holding . . . does not affect our circuit precedent[.]" *Id.* We are bound to follow this precedent and thus affirm the judgment of the district court. *See id.*

_____