# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2580
_____

United States of America

*Plaintiff - Appellee*

v.

James Eugene Mahurin, II

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: April 10, 2023
Filed: April 26, 2023
[Unpublished]
_____

Before BENTON, ARNOLD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

James E. Mahurin, II, pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). When calculating his Sentencing Guidelines range, the

district court[1] determined that Mahurin's previous conviction for second-degree arson, *see* Mo. Rev. Stat. § 569.050(1), was a crime of violence and sentenced him to 110 months in prison. Mahurin challenges the court's determination that his arson conviction was for a crime of violence. We affirm.

The Guidelines provide that, if Mahurin's arson conviction was a crime of violence, his base offense level would be 20. *See* USSG § 2K2.1(a)(4)(A). If it was not a crime of violence, Mahurin contended that his base offense level would be 14, *see id.* § 2K2.1(a)(6), taking his Guidelines range down from 110–137 months' imprisonment to 63–78 months. The Guidelines define a "crime of violence" to include a list of enumerated crimes, one of which is arson. *See id.* § 4B1.2(a)(2). Courts often refer to this clause as the "enumerated offenses clause." *See, e.g.*, *United States v. Martin*, 15 F.4th 878, 883 (8th Cir. 2021). A crime of violence also includes certain offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another." *See* USSG § 4B1.2(a)(1). Courts often call this provision the "force clause." *See, e.g.*, *United States v. Frazier*, 48 F.4th 884, 885 (8th Cir. 2022).

Since arson is expressly included in the list of enumerated offenses that constitute a crime of violence, it would seem clear that Mahurin's conviction was for a crime of violence under the enumerated offenses clause. But there's more to it. "We must decide whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding crime of violence," which is "the sense in which the term is now used in the criminal codes of most States." *See* *Martin*, 15 F.4th at 883–84.

---

[1]The Honorable Stephen R. Clark, then United States District Judge for the Eastern District of Missouri, now Chief Judge.

Because he was convicted of second-degree arson, Mahurin "knowingly damage[d] a building or inhabitable structure by starting a fire or causing an explosion." *See* Mo. Rev. Stat. § 569.050(1). Mahurin says that the generic definition of arson requires that a person act "maliciously," and he maintains that "the 'knowingly' mens rea element in the Missouri statute is broader than the mental state requirement for the generic federal offense," which prevents his conviction from being a crime of violence. But a prior panel of this court rejected this very argument and held that the word "knowingly" in Missouri's arson statutes "is comparable to maliciousness" and therefore the offense is not broader than generic arson. *See United States v. Whaley*, 552 F.3d 904, 907 (8th Cir. 2009). The prior panel's decision binds us and so forecloses Mahurin's challenge. *See United States v. Hall*, 44 F.4th 799, 806 (8th Cir. 2022).

Mahurin argues, however, that we need not follow *Whaley* because it is no longer good law in light of the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021). We disagree. *Borden* held "only that the force clause categorically excludes offenses that can be committed recklessly." *See United States v. Larry*, 51 F.4th 290, 292 (8th Cir. 2022). But this case involves the enumerated-offenses clause, not the force clause. In addition, second-degree arson on its face requires that a defendant knowingly (not just recklessly) damage a building or inhabitable structure. *See* Mo. Rev. Stat. § 569.050(1); *cf. Larry*, 51 F.4th at 292. And there's no reason to conclude that the term "knowingly" under Missouri law means "recklessly" as the Court used that term in *Borden*. *See* Mo. Rev. Stat. § 562.016. Because *Borden* does not call *Whaley* into question, we conclude that the district court did not err.

Affirmed.

_____