# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1629

_____

United States of America

*Plaintiff - Appellee*

v.

Dominique D. Tipler

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri

_____

Submitted: January 13, 2023
Filed: May 3, 2023
[Unpublished]

_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Dominique D. Tipler pled guilty to unlawfully possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] calculated an advisory sentencing range of 77 to 96 months of imprisonment

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") and then imposed a sentence of 96 months. The Guidelines calculation was higher than it otherwise would have been because the district court concluded Tipler had two prior felony convictions that were "either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1; *see also* U.S.S.G. § 4B1.2(a)(1) (defining a "crime of violence" as including "any offense under . . . state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another").

Tipler's sole argument on appeal is that the district court wrongly determined his past conviction under Missouri law for exhibiting a lethal weapon was a "crime of violence." *See* Mo. Rev. Stat. § 571.030.1(4) (prohibiting "knowingly . . . [e]xhibit[ing], in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner"). Tipler acknowledges we have held convictions under this Missouri statute qualify as a crime of violence under U.S.S.G. § 4B1.2(a)(1)'s force clause. *See*, *e.g.*, *United States v. Hudson*, 851 F.3d 807, 809–10 (8th Cir. 2017). Nonetheless, Tipler argues the Supreme Court's plurality decision in *Borden v. United States*, 141 S. Ct. 1817 (2021), changed the legal landscape, effectively nullifying precedent such as *Hudson*. Because of *Borden*, Tipler contends, a criminal statute must include force (or threatened force) "targeted against the person of another intentionally designed to cause them harm" in order to fit within § 4B1.2(a)(1)'s force clause. Because the Missouri statute at issue lacks such an intent-to-harm (or threaten harm) requirement, Tipler argues it does not qualify as a crime of violence.

Tipler's reading of *Borden* conflicts with our more narrow interpretation of its holding. We have read *Borden* as holding "only that the force clause categorically excludes offenses that can be committed recklessly." *United States v. Larry*, 51 F.4th 290, 292 (8th Cir. 2022). Under this view, we held in *Larry* that a conviction under this Missouri statute still qualifies as a crime of violence because it requires the prohibited exhibition of the lethal weapon "be committed with knowledge." *Id.* We are bound by this holding. *See Mader v. United States*, 654 F.3d 794, 800 (8th

-2-

Cir. 2011) (en banc) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel" (quoting *Owsley v. Luebbers*, 281 F.3d 687, 690 (8th Cir. 2002)).  Thus, the district court was correct to conclude Tipler's prior conviction was a crime of violence.

We accordingly affirm the district court's judgment.

_____